COPY

1   **THE GARCIA LAW FIRM**
    **Stephen M. Garcia, State Bar No. 123338**
2     sgarcia@lawgarcia.com
    **Ashley A. Davenport, State Bar No. 244573**
3     adavenport@lawgarcia.com
    **One World Trade Center, Suite 1950**
4   **Long Beach, California 90831**
    **Telephone: (562) 216-5270**
5   **Facsimile:  (562) 216-5271**

6   Attorneys for Relator

7

8               **UNITED STATES DISTRICT COURT**

9               **CENTRAL DISTRICT OF CALIFORNIA**

10

11  UNITED STATES OF AMERICA, EX        CASE NO.  CV11-02036 VBF (AJWx)
    REL., [UNDER SEAL],
12                                       **COMPLAINT**
            Plaintiffs,
13                                       **[FILED UNDER SEAL]**
        vs.
14
    [UNDER SEAL],
15
            Defendants.
16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT [31 U.S.C. §3729 ET SEQ.] ET AL.

1  THE GARCIA LAW FIRM
   Stephen M. Garcia, State Bar No. 123338
2   sgarcia@lawgarcia.com
   Ashley A. Davenport, State Bar No. 244573
3   adavenport@lawgarcia.com
   One World Trade Center, Suite 1950
4  Long Beach, California  90831
   Telephone: (562) 216-5270
5  Facsimile:  (562) 216-5271

6  Attorneys for Relator

7

8              UNITED STATES DISTRICT COURT

9             CENTRAL DISTRICT OF CALIFORNIA

10

11  UNITED STATES OF AMERICA, EX       CASE NO.
    REL., VIKI BELL-MANAKO,
12                                     COMPLAINT FOR VIOLATION OF
              Plaintiffs,              THE FEDERAL FALSE CLAIMS
13                                     ACT [31 U.S.C. §3729 ET SEQ.], THE
         vs.                           FEDERAL        ANTI-KICKBACK
14                                     STATUTE [42 U.S.C. §1320A-7B(B)],
    BRIUS   MANAGEMENT   CO.,   a      CIVIL   CONSPIRACY   [31  U.S.C.
15  California corporation; BRIUS, LLC, a §3729(a)(3)] CALIFORNIA FALSE
    California limited liability company; B- CLAIMS ACT [CAL. GOV. CODE
16  SPRING    VALLEY,   LLC   dba      §12650 ET SEQ.], CALIFORNIA
    BRIGHTON   PLACE   SPRING          ANTI-KICKBACK        STATUTE
17  VALLEY, a California limited liability [WELF. & INST. CODE  §14107.2,
    company; B-SAN DIEGO, LLC dba      CALIFORNIA   BUSINESS   &
18  BRIGHTON PLACE SAN DIEGO, a        PROFESSIONS CODE §650]
    California limited liability company; B-
19  EAST, LLC dba PRESIDIO HEALTH
    CARE CENTER, a California limited   [UNDER SEAL]
20  liability   company;   POINT  LOMA
    REHABILITATION CENTER, LLC dba
21  POINT   LOMA   CONVALESCENT
    HOSPITAL, a California limited liability
22  company;  SHLOMO  RECHNITZ, an
    individual;  GUY    REGGEV,    an
23  individual; and Does 1-100, inclusive,

24           Defendants.

25

26

27

28

                                       1

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

Viki Bell-Manako, through her attorneys, The Garcia Law Firm, on behalf of the United States of America and the State of California, for her Complaint against defendants Brius Management Co., Brius, LLC, B-Spring Valley, LLC dba Brighton Place Spring Valley, B-San Diego, LLC dba Brighton Place San Diego, B-East, LLC dba Presidio Health Care Center, Point Loma Rehabilitation Center, LLC dba Point Loma Convalescent Hospital, Shlomo Rechnitz and Guy Reggev, alleges based upon personal knowledge, relevant documents, and upon information and belief, as follows:

# I. <u>INTRODUCTION</u>

1.      This is an action by qui tam Relator Viki Bell-Manako, ("Relator") on behalf of the United States and the State of California, to recover treble damages, civil penalties, attorneys' fees and costs on behalf of the United States of America, arising from violations of nursing home referral and kickback laws in a hospital-nursing home relationship by Defendants Brius Management Co., Brius, LLC, B-Spring Valley, LLC dba Brighton Place Spring Valley, B-San Diego, LLC dba Brighton Place San Diego, B-East, LLC dba Presidio Health Care Center, Point Loma Rehabilitation Center, LLC dba Point Loma Convalescent Hospital, Shlomo Rechnitz and Guy Reggev ("Defendants") and/or their agents, employees and co-conspirators in violation of the Federal Civil False Claims Act, 31 U.S.C. §3729 *et seq.*, as amended ("the FCA" or "the Act"), Federal Anti-Kickback Act, 42 U.S.C.S. §1320a-7b, the California False Claims Act, California *Government Code* §12650 *et seq.*, California Anti-Kickback Statute, California *Welfare & Institutions Code* §14107.2; California *Business & Professions Code* §650.   Relator has direct and independent knowledge of the information on which the allegations contained in this Complaint are based.   Pursuant to the federal and state statutes listed above, Relator has provided the statutorily required disclosure materials to the appropriate federal and state governmental authorities.

2.      The United States Government's Medicare program is a crucial safety net for aged and disabled Americans.   Intended as a social insurance program to provide

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1  health insurance coverage to people who are aged 65 and over, or who meet other
2  special criteria, Medicare funds are stretched to their limits.  Too many times, these
3  government healthcare programs have been subject to fraud and abuse by unscrupulous
4  healthcare providers who put their own profits above the public good.  Fraudulent
5  schemes have threatened to diminish the quality of care, unnecessarily burdened
6  taxpayers as well as Medicare beneficiaries, and degraded the medical, nursing and
7  allied health professions.

8       3.     This case is being brought to stop some of the rampant Medicare and
9  Medi-Cal fraud in the skilled nursing industry, carried out over a period of years by
10  skilled nursing management companies, its related licensees and their owner and
11  Director of Operations.  As the Defendants are well aware, federal and state laws state
12  that a recipient of government funds shall not "knowingly and willfully offer, pay,
13  solicit or receive remuneration in order to induce or reward referrals of items or
14  services reimbursed under the Medicare or State health care programs."  42 U.S.C.S.
15  §1320a-7b.  California's Anti-Kickback statute prohibits the solicitation, receipt, offer,
16  or payment of "any remuneration, including but not restricted to, any kickback, bribe or
17  rebate, directly or indirectly, overtly over covertly, in cash or in valuable consideration
18  of any kind" in connection with the referral of any person for the furnishing or
19  arrangement of any service or merchandise, or the purchase, lease, order, arrangement,
20  or recommendation of any goods, facility, service, or merchandise for which payment
21  may be made by Medi-Cal.  California *Welfare & Institutions Code* §14107.2.

22       4.     Despite their knowledge of this requirement, Defendants intentionally and
23  fraudulently engaged in a pattern and practice of providing cash, giftcards or other
24  remuneration to hospital and home health staff for the referral and subsequent residency
25  of patients (who were either Medicare and/or Medi-Cal beneficiaries) at Defendants'
26  Skilled Nursing Facilities ("SNF").  Through these actions to induce referrals of
27  Medicare and Medi-Cal patients by offering case managers of healthcare facilities
28  giftcards, funds disguised as consultation fees and other monies, Defendants were

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

submitting false and fraudulent charges to Medicare and Medi-Cal for reimbursement in that Defendants' submission of the claims for payment, Defendants were making false certifications of compliance with healthcare laws and regulations and the government would not have paid the claims had it known of the kick-back violations.

5.      This suit calls Defendants to answer for defrauding taxpayers not only in the United States and California but also compromising the health and welfare of Medicare and Medi-Cal beneficiaries.

## II.   **JURISDICTION AND VENUE**

6.      Jurisdiction over this action is conferred on this Court by 31 U.S.C. §3732 and 28 U.S.C. §1331 because the civil action rises under the laws of the United States. In addition, this Court also has jurisdiction over the state law claims pursuant to 31 U.S.C. §3732(b), because the state claims arise from the same transaction and occurrence as the federal claims.  This Court also has supplemental jurisdiction over the state law claims pursuant to 23 U.S.C. §1367 because those claims are so related to the federal claims that they form part of the same controversy under Article III of the United States Constitution.   Under 31 U.S.C. §3730(e), and under comparable provision of the state statute in California, there has been no statutorily relevant public disclosure of the "allegations or transactions" in this Complaint.

7.      Venue is proper in the Central District of California pursuant to 31 U.S.C. § 3732(a) because one or more Defendants can be found, reside in, or have transacted the business that is the subject matter of this lawsuit in the Central District of California.

## III.   **PARTIES**

8.      Defendant Brius Management Co. is a management company specializing in residential and skilled nursing facilities.  Brius Management Co. is a California corporation with its principal office at 5967 W. 3rd Street, Suite 200, Los Angeles, California 90036, in the County of Los Angeles.

9.      Defendant Brius, LLC is a management company specializing in

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1  residential and skilled nursing facilities.  Brius, LLC is a California limited liability

2  company with its principal office at 4929 Wilshire Blvd, Suite 388, Los Angeles,

3  California 90010, in the County of Los Angeles.

4      10.    Defendant B-Spring Valley, LLC dba Brighton Place Spring Valley is the

5  licensee of a 75-bed skilled nursing facility.  B-Spring Valley, LLC is a California

6  limited liability company with its principal office at 9009 Campo Road, Spring Valley,

7  California, the County of San Diego.  Brighton Place Spring Valley is an investor-

8  owned skilled nursing facility.  Based upon the pattern and practice of conduct that

9  Relator witnessed, described more fully below, Relator is informed and believes that

10 Defendant B-Spring Valley, LLC dba Brighton Place Spring Valley knowingly engaged

11 in a system of providing remuneration to hospital personnel in exchange for the referral

12 of discharged patients for residency and ancillary services that were reimbursed in

13 whole or in part with government healthcare funding.

14     11.    Defendant B-San Diego, LLC dba Brighton Place San Diego is the

15 licensee of a 99-bed skilled nursing facility.  B-San Diego, LLC is a California limited

16 liability company with its principal office at 1350 Euclid Avenue, San Diego,

17 California, the County of San Diego.  Brighton Place San Diego is an investor-owned

18 skilled nursing facility.  Based upon the pattern and practice of conduct that Relator

19 witnessed, described more fully below, Relator is informed and believes that

20 Defendant B-San Diego, LLC dba Brighton Place San Diego knowingly engaged in a

21 system of providing remuneration to hospital personnel in exchange for the referral of

22 discharged patients for residency and ancillary services that were reimbursed in whole

23 or in part with government healthcare funding.

24     12.    Defendant B-East, LLC dba Presidio Health Care Center is the licensee of

25 a 50-bed skilled nursing facility.  B-East, LLC is a California limited liability company

26 with its principal office at 8625 Lamar Street, Spring Valley, California, the County of

27 San Diego.  Presidio Health Care Center was formerly known as Brighton Place East

28 and is an investor-owned skilled nursing facility.  Based upon the pattern and practice

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1    of conduct that Relator witnessed, described more fully below, Relator is informed and

2    believes that  Defendant B-East, LLC dba Presidio Health Care Center knowingly

3    engaged in a system of providing remuneration to hospital personnel in exchange for

4    the referral of discharged patients for residency and ancillary services that were

5    reimbursed in whole or in part with government healthcare funding.

6         13.    Defendant Point Loma Rehabilitation Center, LLC dba Point Loma

7    Convalescent Hospital is the licensee of a 133-bed skilled nursing facility.  Point Loma

8    Rehabilitation Center, LLC is a California limited liability company with its principal

9    office at 3202 Duke Street, San Diego, California, the County of San Diego.  Point

10   Loma Convalescent Hospital is an investor-owned skilled nursing facility.  Based upon

11   the pattern and practice of conduct that Relator witnessed, described more fully below,

12   Relator is informed and believes that  Defendant Point Loma Rehabilitation Center,

13   LLC dba Point Loma Convalescent Hospital knowingly engaged in a system of

14   providing remuneration to hospital personnel in exchange for the referral of discharged

15   patients for residency and ancillary services that were reimbursed in whole or in part

16   with government healthcare funding.

17        14.    Defendant B-Spring Valley, LLC dba Brighton Place Spring Valley,

18   Defendant B-San Diego, LLC dba Brighton Place San Diego, Defendant B-East, LLC

19   dba Presidio Health Care Center, and Defendant Point Loma Rehabilitation Center,

20   LLC dba Point Loma Convalescent Hospital are collectively referred to herein as

21   "Defendants SNFs."

22        15.    Relator is informed and believes and based thereon alleges that Defendant

23   Shlomo Rechnitz is an individual who is a resident of the State of California, County of

24   Los Angeles and the owner and major shareholder of the entity defendants described

25   above.   Defendant Rechnitz engaged in a pattern of fraudulent conduct, as further

26   detailed below, which encouraged, enabled, and caused Defendants to defraud

27   Medicare and Medi-Cal.

28        16.    Relator is informed and believes and based thereon alleges that Defendant

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT [31 U.S.C. §3729 ET SEQ.] ET AL.
M:\Brius Management, In Re (11-016)\Pleadings\Complaint.doc

1  Guy Reggev is an individual who is a resident of the State of California, County of San
2  Diego and the Regional Director of Operations for Brius Management and part owner
3  of the B-East, LLC and owner of the Point Loma Rehabilitation Center, LLC entity
4  defendants described above.  Defendant Reggev engaged in a pattern of fraudulent
5  conduct, as further detailed below, which encouraged, enabled, and caused Defendants
6  to defraud Medicare and Medi-Cal.

7       17.    Relator is ignorant of the names and capacities of the Defendants sued
8  herein as DOES 1 through 100, inclusive, and therefore sue such Defendants by
9  fictitious names.  Relator will amend this complaint to allege the true names and
10  capacities of the fictitiously named Defendants once ascertained.  Relator is informed
11  and believes that Defendant Does 1 through 100, inclusive, are in some manner
12  responsible for the actions alleged herein.

13       18.    Relator was employed by B-Spring Valley, LLC dba Brighton Place
14  Spring Valley from or about February 2006 through September 2010.  Relator left her
15  employment with Defendant because of the unlawful practices undertaken by
16  Defendants described herein.

17  **IV.**    **THE MEDICARE/MEDI-CAL REIMBURSEMENT SYSTEM**

18       19.    The FCA provides that any person who:  (a) knowingly presents or causes
19  to be presented to the Government or officers/employees of the Government a false or
20  fraudulent claim for payment or approval; (b) knowingly makes, uses, or causes to be
21  made or used, a false record or statement to get a false or fraudulent claim paid or
22  approved by the Government; (3) conspires to defraud the Government by getting a
23  false or fraudulent claim allowed or paid; or (4) knowingly makes, uses or causes to be
24  made or used, a false record or statement to conceal, avoid, or decrease an obligation to
25  pay or transmit money or property to the Government, is liable for a civil penalty of not
26  less than $5,000 and not more than $11,000 for each such claim presented or paid and
27  three times the amount of damages sustained by the Government.  California's False
28  Claims Act has a comparable provision.

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

20.    A skilled nursing facility ("SNF") is eligible to receive Medicare and Medi-Cal funds provided the institution is primarily engaged in providing nursing care and health-related services (above the level of room and board) to residents who, because of their mental or physical condition, require a level of care which can be furnished only in an institutional facility.  Institutions primarily for the treatment of mental disease are specifically excluded.  42 U.S.C.A. §1396r(a).

21.    Medicare is a federally-administered health insurance program primarily benefiting the elderly – i.e., individuals aged 65 and older who have worked in the Social Security or Railroad Systems.  Approximately 16% of Medicare beneficiaries, however, are less than 65 years old but either are afflicted with end-stage renal disease ("ESRD") or are permanently disabled workers and their dependents eligible for old age, survivors, and disability insurance ("OASDI") benefits.  Medicare was created in 1965 by Title XVIII ("Health Insurance for the Aged") of the Social Security Act (Public Law 89-97).  *See* 42 U.S.C. §1395 *et seq*. Medicare has two parts that are relevant to the instant lawsuit.  Medicare Part A ("Part A"), the Hospital Insurance ("HI") program, helps pay for medically necessary inpatient hospital, home health, skilled nursing facility ("SNF"), and home health care for eligible Medicare beneficiaries.  *See* 42 U.S.C. §§1395c-1395i-4.  The HI program is financed primarily by payroll taxes paid by workers and employers.  Medicare Part B ("Part B"), the Supplementary Medical Insurance ("SMI") program, helps pay for the cost of most physician services, diagnostic tests, durable medical equipment ("DME"), and ambulance services as well as outpatient hospital care, physical therapy, speech therapy, and speech pathology services, that is medically necessary for eligible Medicare beneficiaries who have voluntarily enrolled.  *See* 42 U.S.C. §§1395j-1395w-4.  The SMI program is financed primarily by transfers from the general fund of the U.S. Treasury and by monthly premiums paid by beneficiaries.  The Centers for Medicare and Medicaid Services ("CMS"), an agency of the U.S. Department of Health and Human Services ("DHHS"), is directly responsible for the administration and

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT [31 U.S.C. §3729 ET SEQ.] ET AL.
M:\Brius Management, In Re (11-016)\Pleadings\Complaint.doc

1  supervision of the Medicare program.

2      22.    In addition to other benefits, Medicare Part A covers and pays for

3  medically necessary short-term skilled nursing care, rehabilitation services and other

4  goods and services provided by a skilled nursing facility for Medicare beneficiaries

5  who have been discharged from an inpatient hospital stay of at least three consecutive

6  calendar days. SNFs are healthcare institutions that are primarily engaged in either (a)

7  providing skilled nursing care and related services for residents who require medical or

8  nursing care or (b) the rehabilitation of injured, disabled, or sick persons. For a

9  Medicare beneficiary to be eligible for SNF care, the beneficiary's physician must

10  certify that daily skilled care (such as intravenous injections or physical therapy) is

11  needed. *See* 42 U.S.C. 1395f (a)(2)(B). Medicare Part A skilled nursing services are

12  used much more frequently by beneficiaries at ages 80 and above than by younger

13  beneficiaries who are primarily ages 65 through 79. These older patients tend to be

14  frail and often suffer from multiple systemic diseases and disorders. Medicare Part A

15  covers and pays a pre-determined rate for inpatient hospital care services for eligible

16  Medicare beneficiaries up to a maximum of 90 days, subject to certain conditions and

17  co-payment obligations. After a Medicare beneficiary is transferred to a SNF, Medicare

18  Part A will pay the SNF a pre-determined daily rate for each day of care up to 100 days,

19  subject to co-payment obligations after the first 20 days which are billed separately to

20  and paid by the resident, private insurance, or Medicaid. Consequently, under Part A, a

21  Medicare beneficiary conceivably could receive up to 190 days of covered services

22  during a single "spell of illness." A "spell of illness" begins when the beneficiary is

23  admitted to either an inpatient hospital or a SNF and ends when the beneficiary has

24  been in neither institution for 60 consecutive days.

25      23.    Many SNF residents, however, are admitted directly into the facility

26  without requiring prior acute-care hospitalization. These residents, who are directly

27  admitted to the intermediate (unskilled) care nursing areas, are frequently Medicaid

28  beneficiaries. When medical complications necessitating inpatient acute-care

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

9

hospitalization occur, Medicare Part A pays for the hospitalization. Once stabilized, the patient is transferred back to the SNF and, based on the doctor's certification that skilled nursing care is needed, is admitted to the Medicare-certified skilled nursing area.

24.    Medicare Part B, which generally commences following the 100 days of Medicare Part A coverage, reimburses nursing facilities for other physician-ordered services and devices on a fee schedule. These include, for example, physical therapy, occupational therapy, speech therapy, devices such as urinary collection systems (catheters), feeding tubes, wound kits, laboratory tests, drugs, and the like so long as they are certified and ordered by a physician as medically necessary.

25.    SNFs are reimbursed for services provided under the Medicare program on the basis of a per-diem (i.e., daily) rate, which is determined, in part, by each SNF's patient case mix using a patient classification system known as Resource Utilization Groups ("RUGs"). Patients assigned to the same RUG exhibit similar care needs, so Medicare's daily payment rate is the same for each patient with a RUG. Each RUG has associated nursing and therapy weights that are applied to the daily base payment rates. The assignment of a Medicare beneficiary to one of the RUGs is based on the number of minutes of therapy (physical, occupational, or speech) that the patient has used or is expected to use; the need for certain services (e.g., respiratory therapy or specialized feeding); the presence of certain conditions (e.g., pneumonia or dehydration; and an index based on the patient's ability to perform eating, toileting, bed mobility, and transferring (e.g., from a bed to a chair) independently, which collectively are known as Activities of Daily Living ("ADLs").

26.    Generally, SNF residents who require rehabilitation and/or require help with ADLs are classified in a higher RUG category, which results in a higher reimbursement rate for the SNF. Likewise, the more rehabilitation a resident needs and/or the more dependent a resident is on staff, the higher the RUG category and reimbursement rate. A resident's RUG classification is determined by his or her patient characteristics and service use, as determined by periodic assessments using a SNF

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1  patient assessment instrument known as the nursing home Minimum Data Set
2  ("MDS"). The MDS is a comprehensive assessment tool that establishes and records a
3  resident's functional capacity, problems and care needs. Each MDS must be submitted
4  electronically by the SNF to the Centers for Medicare and Medicaid Services ("CMS"),
5  an agency of the U.S. Department of Health and Human Services ("DHHS"), and
6  approved by CMS prior to billing Medicare for services. With respect to the provision
7  of therapy services, the number of therapy minutes provided to the patient determines
8  the patient's RUG. With respect to the provision of ADL care, the level of dependence
9  on the staff determines the resident's ADL score and RUG category. Along with
10 geographically adjusted labor costs, the RUG assigned to the resident determines the
11 amount of Medicare reimbursement that the SNF will receive for each day of the
12 resident's stay.

13     27.    The RUG is to be readjusted periodically as the resident's needs are
14 reassessed and a revised MDS is created and submitted to CMS. The resident is
15 assigned an initial RUG after five days, which sets the payment rate for days 1-14.
16 After 14 days, the patient is reassessed, and the new RUG sets the payment rate for
17 days 15-30. The 30-day RUG sets the payment rate for days 31-60. The RUG is
18 reassessed thereafter each 30 days and sets the payment rate for the next 30 days. The
19 date as of which the resident's RUG is determined is known as the "assessment
20 reference date" ("ARD").

21     28.    At the end of each month, SNFs bill the Medicare program by submitting
22 an invoice known as Universal Bill 92 ("UB-92") to the appropriate fiscal intermediary,
23 which is a CMS contractor. A UB-92 is submitted for each resident and contains the
24 numbers of billing days, the per diem RUG rate, the total billed amount, and other
25 pertinent data.

26     29.    Medicaid is a federally aided, state-administered program that provides
27 medical assistance to certain low-income people who are either indigent or disabled,
28 including, *inter alia*, low-income residents of nursing facilities. Medicaid was created

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

11

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1  in 1965 by Title XIX ("Grants to States for Medical Assistance Programs") of the

2  Social Security Act (Public Law 89-97). *See* Title 42 of the U.S. Code of Federal

3  Regulations ("CFR"), Parts 430-456. In the State of California, the Medicaid program

4  is known as Medi-Cal. Funding for Medicaid is shared between the federal government

5  and those states that participate in the program with the federal government paying

6  approximately one half of the Medicaid bill and the State paying the other half.

7  Primary regulatory control of Medicaid programs is, however, left to the states.

8  Consequently, the procedures for obtaining reimbursements and the amount of

9  reimbursement vary between the states. California has a flat daily Medicaid

10 reimbursement rate, subject to the resident's "share of cost."

11 **V.     STATUTORY FRAMEWORK OF DEFENDANTS' VIOLATIONS**

12      30.    The federal Anti-kickback Statute, 42 U.S.C. §1320a-7b(b) prohibits

13 individuals or entities from knowingly and willfully offering, paying, soliciting or

14 receiving remuneration to induce referrals of items or services covered by Medicare,

15 Medicaid or any other federally funded program. The main purpose of the federal anti-

16 kickback law is to protect patients and the federal health care programs from increased

17 costs and abusive practices resulting from provider decisions that are based on self-

18 interest rather than cost, quality of care or necessity of services. The law seeks to

19 prevent overutilization, limit cost, preserve freedom of choice and preserve

20 competition.

21      31.    The Medicare Anti-Kickback Statute provides penalties for individuals or

22 entities that "knowingly and willfully offer, pay, solicit or receive remuneration in order

23 to induce or reward referrals of items or services reimbursed under the Medicare or

24 State health care programs." The Patient Protection and Affordable Care Act

25 ("PPACA") amended the Anti-kickback Statute to provide that Medicare or Medicaid

26 claims that include items or services that result in kickback violations are false claims

27 under the False Claims Act.

28      32.    The types of remuneration covered by this prohibition include the transfer

12

of anything of value, such as kickbacks, bribes, and rebates, made directly or indirectly, overtly or covertly, in cash or in kind. Prohibited conduct includes not only remuneration intended to induce or reward referrals of patients, but also remuneration intended to induce or reward the purchasing, leasing, ordering or arranging for any good, facility, service or item paid for by Medicare or State health care programs.

33.    California's Anti-Kickback Statute is codified at California *Welfare & Institutions Code* §14107.2. This statute prohibits the solicitation, receipt, offer, or payment of "any remuneration, including but not restricted to, any kickback, bribe or rebate, directly or indirectly, overtly over covertly, in cash or in valuable consideration of any kind . . . [in return for the referral, or promised referral, of any person for the furnishing . . . of any service" covered by the Medi-Cal program. California *Welfare & Institutions Code* §14107.2.

34.    California *Business & Professions Code* §650 prohibits the offer, delivery, receipt or acceptance by any licensed practitioner of any rebate, refund, commission, preference, patronage, patronage dividend, discount, or other consideration as compensation or inducement for referring patients, clients, or customers to any person.

35.    Section 3729(a)(3) is a civil conspiracy provision that provides, in pertinent part: "Any person who – conspires to defraud the government by getting a false or fraudulent claim allowed or paid . . . is liable to the United States Government . . . ." 31 U.S.C. §3729(a)(3). In the context of illegal kickbacks, the subject conspiracy was by and through the SNF owners and administrators to pay remuneration to hospitals for the purpose of inducing those hospitals to discharge patients to the subject SNFs for residency and ancillary treatments that were in whole or in part reimbursable under the Medicare Program.

## VI.    **THE SCHEME TO DEFRAUD MEDICARE AND MEDI-CAL**

36.    Defendants, pursuant to their obligations under federal and state law, entered into one or more contracts or agreements with the United States Government and the State of California to provide health care to their residents covered by Medicare

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

and/or Medi-Cal at each of Defendants' facilities.  Under the terms of the contracts, Defendants were responsible for keeping and submitting to the United States Government detailed, accurate records and resident assessments, including but not limited to, MDS, UB-92, physician certifications and recertifications, physician orders, and any back-up medical records supporting the amount of services provided, when they were provided, and who provided them.  California state health authorities also impose similar requirements.

37.   In order to receive payment from the United States Government for providing health care services and supplies, pursuant to the Federal Medicare and Medicaid statutes and regulations, Defendant prepared claims for payment or approval, including MDS; UB-92; Client Assessment, Review and Evaluation (CARE) Form 3652; cost reports, and billing records, invoices, and medical records based upon the claims described herein and presented or caused them to be presented to an officer or employee of the United Sates Government.  In order to receive payment from the California State Government for providing health care services and supplies covered by Medi-Cal, Defendants prepared claims for payment or approval, billing records, invoices and medical records based upon the claims described herein and presented or caused them to be presented to an officer or employee of the State of California.  In making claims for payment to the federal Medicare program and to the federal and State Medicaid programs, and as a condition for receiving payment, Defendants' nursing facilities represented, impliedly or directly, that they were in compliance with applicable laws and regulations.  As described in more detail below, Defendants knowingly and willfully defrauded the federal and California Governments by obtaining substantial payments for false or fraudulent claims.

38.   Defendants offered and paid remunerations to another person in violation of the Anti-Kickback Act as the purpose of the offer and payment was to induce a Medicare or Medicaid patient referral.  Although Defendant did not seek compensation for services that were not rendered or were unnecessary, their actions were nonetheless

14

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

fraudulent because by submission of the claims, Defendants implicitly stated that they had complied with all statutes, rules and regulations governing the Medicare Act, including state and federal anti-kickback statutes. Participation in the state and federal programs involves an implied certification that the participant will abide by and adhere to all statutes, rules and regulations governing that program. By submitting a claim for payment without complying with such statutes, rules and regulations, Defendants have submitted a fraudulent claim in violation of the False Claims Act.

39.     Defendants, by and through their officers, agents, or employees, caused claims to be made, used, presented, or delivered to the United States Government, either directly or indirectly by means of summaries of them. Such claims were false or fraudulent because they indicated, either explicitly or implicitly, that the Facility and its personnel had complied with requisites statutes, rules and regulations, when in fact they were not.

40.     Defendants are presently engaged in operating skilled nursing facilities providing long-term health care and rehabilitation to residents. A significant number of these residents are Medicare, Medicaid and/or Medi-Cal beneficiaries, and a significant portion of Defendants' revenues are derived from payments made by Medicare, Medicaid and Medi-Cal programs for services rendered to these residents. In the four facilities identified as Defendants, for the years 2007 to 2009, Medicare patient days accounted for 21 to 45 percent of the facilities' total patient days and Medi-Cal patient days accounted for 44 to 66 percent of the facilities' total patient days. For the same time period, Medicare accounted for 80 to 99 percent of the facilities' revenue for ancillary services and Medi-Cal accounted for 0 to 7 percent of the facilities' revenue for ancillary services.

41.     During the timeframe in which Relator was employed by Defendant Brighton Place Spring Valley, she held the position of Director of Marketing. In this position, Relator had the responsibility to ensure that hospitals were aware of the facility and would therefore send any appropriate discharged patients to the facility for

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

rehabilitation and care. Relator has been involved in the admissions and marketing of skilled nursing facilities since 1988.

42.     By reason of her position with Defendants and involvement with their upper levels of management, Relator acquired direct and independent knowledge of the systematic and pervasive process by which Defendants would provide remuneration to case managers and other employees of hospitals in exchange for the referral of patients to the facilities, resulting in claims to Medicare, Medicaid and Medi-Cal. Among the false claims, Defendants knowingly and willfully submitted false and/or fraudulent claims to Medicare, Medicaid and Medi-Cal related to patients that were procured by means of a referral that was induced by an illegal kickback. Such fraudulent practices were designed to achieve the highest capacity and therefore reimbursement for the nursing home, without regard for the patient's actual need. These fraudulent practices are described in more detail below.

43.     Defendants knowingly and willfully submitted claims to Medicare and Medi-Cal for services rendered to patients that were the result of referrals for which the Defendants received and paid kickbacks. Relator observed a pervasive pattern of practice whereby Defendants: (a) provided monetary gift cards to hospital case managers in exchange for the referral of Medicare patients to the subject facilities; (b) provided monthly compensation to hospital case managers in exchange for the referral of Medicare patients to the subject facilities;  (c) provided cash to hospital case managers in exchange for the referral of Medicare patients to the subject facilities; (d) hosted parties that provided food and beverage for the hospital case managers when the invite for such party was based upon the referral of Medicare patients to the subject facilities; (e) transferred Medi-Cal patients to alternate facilities to open a bed for a Medicare patient; and (f) obtained kickbacks from a selected home health provider in exchange for the referral of residents.

44.     Relator observed a persistent pattern whereby Defendants routinely provided such remuneration to hospital personnel and received such remuneration from

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

16

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1 home health personnel, all in exchange for referral of patients whose healthcare costs
2 were reimbursed in whole or in part with government healthcare funding.

3     45.    Defendant Reggev, at the direction of Defendant Rechnitz, and on behalf
4 of Defendants Brius Management Co. and Brius, LLC, hired case managers in at least
5 the following hospitals:  Scripps Mercy Hospital, UCSD Medical Center – Hillcrest,
6 Sharp Chula Vista Medical Center, UCSD Thornton Hospital, Promise Hospital of San
7 Diego, Kindred Hospital of San Diego, and Vibra Hospital of San Diego.

8     46.    In July 2006, Relator was introduced by Defendant Reggev to Debbie
9 Ferguson, who was being hired to replace the Administrator at Brighton Place Spring
10 Valley.  Ms. Ferguson was also to act as Director of Nursing.  Ms. Ferguson and
11 Relator went on site visits to hospitals to generate business to fill empty beds in their
12 facilities.  On an early visit in or about July 2006, Ms. Ferguson told Relator that the
13 visits needed to be done the "Filipino way."  Relator was told by Ms. Ferguson that this
14 meant hospital case managers were given $100 to $500 in gift cards when the case
15 manager referred a patient that became a resident at the Facility.  Ms. Ferguson
16 informed Relator that the gift card was to be presented either in person with a thank you
17 note or sent to the case manager with a card.  In 2009, payments to Scripps Mercy
18 Hospital case managers were sent to their home.

19     47.    In January 2010, Defendant Reggev hired Ruth Sills as Director of
20 Marketing for Defendant Brighton Place East (now doing business as Presidio).  In
21 March 2010, Ms. Sills approached a case manager of Scripps Mercy Hospital in the
22 case manager's office and provided her with $500 cash.  The case manager took the
23 cash from Ms. Sills and brought it to her supervisors.  In response, in May 2010,
24 Scripps Mercy Hospital engaged in an investigation, and the hospital called Defendant
25 Reggev and Ms. Sills into a Scripps Compliance Committee meeting.  The Compliance
26 Committee issued a ruling that banned Ms. Sills from entering the floor of any Scripps
27 facility for the year as a result of her misconduct.

28     48.    Other hospital case managers are hired by Defendant Reggev, at the

COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT [31 U.S.C. §3729 ET SEQ.] ET AL.
M:\Brius Management, In Re (11-016)\Pleadings\Complaint.doc

1  direction of Defendant Rechnitz, and on behalf of Defendants Brius Management Co.

2  and Brius, LLC, to provide referrals to the Defendant SNFs.  Defendants provided these

3  payments to the hospital case managers under the guise of being consultation fees.  The

4  payments provided to hospital case managers would be $1,000 per month or $500 for

5  every two Medicare patients referred to the facility.

6       49.    Defendant Reggev hired Paul Romero, the Director of Marketing at

7  Kindred Hospital, in early 2010 to provide referrals in exchange for $4,000 per month.

8       50.    In early 2010, Defendant Reggev and Paul Romero approached Adrian

9  Franklin of Sharp Memorial Hospital in San Diego to offer her "a position" and asked

10  for Ms. Franklin's social security number, even though Defendant Reggev had told Ms.

11  Franklin that her only function was to provide referrals.  Ms. Franklin declined the

12  offer, but informed Relator of the offer.

13       51.    In the Spring of 2010, Relator contacted Defendant Rechnitz and drove to

14  his home in the Fairfax District of Los Angeles.  Relator met with Defendant Rechnitz

15  to inform him of all of the illegal practices she had witnessed occurring at the

16  Defendant facilities.  Relator informed Defendant Rechnitz of each individual she felt

17  was involved in the misdeeds.  Relator informed Defendant Rechnitz that the biggest

18  concern was the number of individuals that were receiving payment from Defendants in

19  exchanges for the referral of patients.

20       52.    Shortly thereafter, Relator had a meeting with the Directors of Marketing

21  of the other Defendant SNFs at a local coffee shop to discuss an upcoming event.  Chris

22  Benaro attended on behalf of Defendant Brighton Place San Diego and Ruth Sills

23  attended on behalf of Defendant Presidio Health Care Center.  During this meeting, Ms.

24  Sills received a phone call from Defendant Reggev in which they discussed which local

25  hospital case managers were on the Defendants' payroll and which local hospital case

26  managers were not on the Defendants' payroll. Ms. Sills and Defendant Reggev spoke

27  for approximately ten minutes and also discussed how much each hospital case

28  manager on the Defendants' payroll was getting paid and how many referrals they had

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

1   each brought in.

2       53.    At UCSD Medical Center – Hillcrest, Defendants provided compensation
3   to case manager Lourdes Diaz since approximately 2008 for the referral of discharged
4   patients to the subject facilities.  In a recent conversation with Relator, Chris Benaro
5   confirmed that Lourdes Diaz was receiving compensation from Defendants for this
6   purpose.

7       54.    In mid-2010, Defendant Reggev and Ms. Sills took action on behalf of
8   Defendants to hire Dr. Dat Nguyen, an internal medicine doctor, to refer patients to the
9   Defendant SNFs.  In exchange for remuneration, Dr. Nguyen refers his Medicare
10  patients to Defendant SNFs.  Dr. Nguyen provided a high volume of patients to
11  Presidio Health Care Center and Point Loma Convalescent Hospital that the facilities
12  took action to transport Medi-Cal patients to alternate facilities to make room for the
13  higher compensation Medicare referrals.  Such transfers were made without regard to
14  the patient needs as such transfers are often quite traumatic for facility residents.

15      55.    Defendants obtained referrals in exchange for the provision of
16  compensation to two case managers at Sharp Chula Vista Medical Center, Lourdes
17  Diaz and Sara Martin.  The work of these two case managers to send patients to the
18  Defendant SNFs many miles North of the hospitals they were discharged from in
19  exchange for remuneration resulted in the residents being much further from their
20  families and friends than necessary so that the case manager could receive
21  compensation.

22      56.    Philip O'Kane is a Nurse Case Manager at UCSD Medical Center –
23  Hillcrest and UCSD Thornton Hospital who was hired by Defendants with
24  compensation of $1,000 per month in exchange for the referral of patients to the
25  facilities upon discharge from the hospital.  Defendant Reggev informed Mr. O'Kane
26  that if he was not producing referrals, he would not receive the money.  When Mr.
27  O'Kane stopped getting paid by Defendants in July of 2010, he approached Relator for
28  assistance.  Mr. O'Kane received his compensation from Defendant Point Loma

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

COMPLAINT FOR VIOLATION OF THE FEDERAL FALSE CLAIMS ACT [31 U.S.C. §3729 ET SEQ.] ET AL.
M:\Brius Management, In Re (11-016)\Pleadings\Complaint.doc

1 Convalescent Center and his check was hand-written.

2      57.    In mid-2010, Defendant Reggev contacted Relator and told her to go to

3 Defendant Point Loma Convalescent Center to meet with Philip O'Kane because

4 Defendant Reggev needed to "straighten him out" because Mr. O'Kane was coming to

5 the facility to pick up a check. When Relator arrived at the facility, she was met by

6 Defendant Reggev, the newly hired Administrator Hung Tron (who had previously

7 worked at Vibra Hospital of San Diego), and a Director of Marketing Noami

8 Bernadino. These people were all seated and situated around Mr. O'Kane. During this

9 meeting, Defendant Reggev took action to intimidate Mr. O'Kane and told Mr. O'Kane

10 that he needed to send them his referrals: "One to Viki, one to Noami and one to me."

11 Just after the meeting, Mr. O'Kane contacted Relator on her cell phone and stated "I

12 don't like this." Mr. O'Kane stated that Defendant Reggev had informed him that he

13 now needed to start coming into the Facility to review charts, to which Mr. O'Kane

14 stated that was not what he was hired for.

15      58.    Defendant Reggev hosted parties at his house for hospital case managers

16 where food and beverage was provided. Defendant Reggev conditioned the hospital

17 case managers' invitation to the parties, implicitly and explicitly, on the referral of

18 patients to the Defendant SNFs.

19      59.    Defendant Reggev also had his mother, Judy Reggev go to the floor of

20 Scripps-Mercy with a cart full of snacks, food and water to give to all of the case

21 managers. In or about early 2009, two Scripps-Mercy Hospital case managers, Gin

22 Aguilar and Charlotte Sicca visited Judy Reggev at her home in New York.

23      60.    Defendants Reggev and Rechnitz rewarded the Directors of Marketing

24 with vehicles for securing referrals from local hospitals by purchasing or leasing their

25 vehicles. Ruth Sills was given a Mercedes SUV, Chris Benaro was given a Lexus and

26 Noami Bernadino was also given a Mercedes SUV.

27      61.    Defendants, by and through their employees, also received remuneration

28 for the discharge of residents from the Defendant SNFs to Nightingale Home Health

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

20

1  Care.  Chris Benaro, Director of Marketing at Brighton Place San Diego, and Debbie
2  Ferguson, Administrator at Brighton Place Spring Valley, control each of those
3  facility's discharged residents and refers the residents to Nightingale Home Health for
4  care in exchange for remuneration.  Specifically, the owner of Nightingale Home
5  Health in San Diego, Joseph Li, provided remuneration in the form of American
6  Express Traveler's Checks in exchange for the referral of SNF residents.

7      62.    By not engaging in the scheme of providing kickbacks for referrals,
8  Relator was hindered in her ability to secure hospital patient discharges.  Other
9  companies that are not engaging in such fraudulent practices are similarly adversely
10 affected.

11     63.    Relator resigned from her employment with Defendants a few weeks after
12 the meeting with Mr. O'Kane.  Relator could not work for companies and people that
13 engaged in such fraudulent practices.

14     64.    These ongoing and knowing acts were a direct product of Defendants'
15 motive to increase Medicare and Medi-Cal reimbursement revenues by submitting false
16 and/or fraudulent claims to Medicare, Medicaid and Medi-Cal in relation to patients
17 that were procured by means of a referral that was induced by an illegal kickback.
18 Through the submission of such claims for reimbursement, Defendants stated that they
19 had complied with all statutes, rules and regulations governing the Medicare Act,
20 including state and federal anti-kickback statutes.  Participation in the state and federal
21 programs involves an implied certification that the participant will abide by and adhere
22 to all statutes, rules and regulations governing that program.  By submitting a claim for
23 payment without complying with such statutes, rules and regulations, Defendants have
24 submitted a fraudulent claim in violation of the False Claims Act.  These acts were
25 ongoing and widespread and stemmed from the Defendants' constant and intense
26 pursuit to maximize its revenues.

27     65.    Defendants' false claims occurred from at least 2006 forward.  Medicare,
28 Medicaid and Medi-Cal beneficiaries represented a substantial portion of Defendants'

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

21

total patient days and gross revenues during the relevant time period and as such, significant sums of money are derived solely from Medicare, Medicaid and Medi-Cal reimbursements.   As a consequence of Defendants' pattern and practice described herein, Defendants have defrauded the Medicare, Medicaid and Medi-Cal programs and the U.S. taxpayers out of millions of dollars.   Based upon the federal statutory civil penalty of Eleven Thousand Dollars ($11,000.00) for each false claim submitted and treble damages applied to the amount of the overpayments, civil penalties of Fifty Thousand Dollars ($50,000.00) for each violation of the Federal Anti-Kickback Statute and treble damages of the total remuneration, civil penalties of Fifty Thousand Dollars ($50,000.00) for each violation of California *Business & Professions Code* §650, among other available remedies, Relator estimates the total amount to be recovered from the Defendants to be millions of dollars.

### First Claim for Relief

### (Against All Defendants)

### False Claims Act, 31 U.S.C. §§3729 *et seq.*

66.    Relator realleges and incorporates by reference the allegations set forth in the paragraphs above as if set forth fully herein.

67.    This is a claim for treble damages and penalties under the False Claims Act, 31 U.S.C. §§3729 *et seq.*, as amended.

68.    Through the acts described above, Defendants knowingly and willfully presented, or caused to be presented, to the United States Government and to the federally-funded Medi-Cal program false and fraudulent claims for payment or approval relating to nursing facility care of Medicare and Medi-Cal patients in violation of the False Claims Act.

69.    Through the acts described above, Defendants knowingly and willfully made, used, or caused to be made and used, false records and false statements to get false or fraudulent claims paid or approved by the United States Government and recipients of federal funds in violation of federal laws.

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

70.    Through the acts described above, Defendants conspired among themselves and others to defraud the United States Government by getting false or fraudulent Medicare and Medicaid claims allowed and paid.  Moreover, Defendants took substantial steps toward the completion of the goals of that conspiracy, *inter alia,* by submitting false claims, by providing and receiving remuneration in exchange for the referral of patients, and by making misrepresentation that defendants had complied with all statutes, rules and regulations governing the Medicare Act, including state and federal anti-kickback statutes. Thus, in violation of federal laws, Defendants conspired to cause the United States to pay claims for health care services based on false claims and false statements that the services were provided in compliance with all laws regarding the provision of health care services when they were not so provided.

71.    The United States, unaware of the falsity of the claims made by the Defendants, directly or indirectly approved, paid, or participated in payments to Defendants that would otherwise not have been allowed or paid but for Defendants' conduct.

72.    The United States, unaware of the defendants' conspiracy or the steps taken in furtherance thereof, allowed, paid, or participated in payments to Defendants that would otherwise not have been allowed or paid but for Defendants' conduct.

73.    By virtue of the acts described above, Defendants also knowingly and willfully made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the United States Government, within the meaning of 31 U.S.C. §3729(a)(1)(G). Defendants acted with actual knowledge, deliberate ignorance, and/or reckless disregard of the law when submitting their claims to the Medicare and Medi-Cal programs for reimbursement of services rendered to beneficiaries of these programs. As a result, monies were lost to the United States through the non-payment or non-

23

1  transmittal of money or property owed to the United States by Defendants, and other

2  costs were sustained by the United States.

3       74.    The acts described above also amount to healthcare fraud in violation of

4  18 U.S.C. §1347 as Defendants knowingly and willfully executed a scheme to defraud

5  a healthcare benefit program and to obtain money or property from a healthcare benefit

6  program through false representations.

7       75.    The acts described above also amount to false statements relating to

8  healthcare matters in violation of 18 U.S.C. §1035 as Defendants knowingly and

9  willfully falsified or concealed a material fact, made any materially false statement, or

10 used any materially false writing or document in connection with the delivery of or

11 payment for healthcare benefits, items or services.

12      76.    By reason of Defendants' conduct described above, the United States

13 was damaged, and continues to be damaged, in an amount yet to be determined.

## Second Claim for Relief

### (Against All Defendants)

### Federal Anti-Kickback Statute, 42 U.S.C. §1320A-7(B)(b)

17      77.    Relator realleges and incorporates by reference the allegations set forth the

18 paragraphs above as if set forth fully herein.

19      78.    The Federal Anti-Kickback Statute prohibits the solicitation or receipt of

20 remuneration in return for referrals of Medicare patients and the offer or payment of

21 remuneration to induce such referrals.

22      79.    Defendants, and each of them, induced and continue to induce referrals of

23 Medicare patients by offering hospital case managers money, giftcards, funds disguised

24 as consultation fees, and other remuneration in exchange for such referrals.

25      80.    Further, Defendants, and each of them, received kickbacks in the form of

26 American Express Traveler's Checks among other remuneration in exchange for the

27 referral of residents discharging from the Defendant SNFs to Nightingale Home Health

28 Care.

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

24

81.     Defendants accepted referrals of Medicare patients from hospitals that were induced by the provision of illegal remuneration and then have submitted claims for such residents in violation of the statute.

82.     Defendants' failure to disclose such conduct constitutes fraud and any subsequent submission of a HCFA form 2552 (certifying that the services were provided in compliance with healthcare laws and regulations) included services to patients whose healthcare providers received kickbacks or illegal inducements prohibited by §1320a-7(b)b, thus causing the HCFA form 2552 reports to be "false records or statements."

83.     At least one of the purposes of Defendants' payment and receipt of remuneration was to induce future referrals.

84.     By reason of Defendants' conduct described above, the United States was damaged, and continues to be damaged, in an amount yet to be determined.

### Third Claim for Relief

### (Against All Defendants)

### California False Claims Act, Cal Gov. Code §12651 *et seq.*

85.     Relator realleges and incorporates by reference the allegations set forth the paragraphs above as if set forth fully herein.

86.     This is a claim for treble damages and penalties under the California False Claims Act.

87.     By virtue of the acts described above, Defendants knowingly and willfully made, used, or caused to be made or used false records and statements, and omitted material facts, to induce the California State Government to approve and pay such false and fraudulent claims.

88.     Through the acts described above, defendants conspired among themselves and others to defraud the California State Government by getting false or fraudulent claims allowed and paid.  Moreover, Defendants took substantial steps toward the completion of the goals of that conspiracy, *inter alia*, by submitting false claims, by

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

25

creating false documentation in support of such claims, and by making misrepresentations about how patients were being provided nursing facility care.

89.   Through the acts described above, Defendants conspired among themselves and others to defraud the California State Government by getting false or fraudulent claims allowed and paid.  Moreover, Defendants took substantial steps toward the completion of the goals of that conspiracy, *inter alia,* by submitting false claims, by providing and receiving remuneration in exchange for the referral of patients, and by making misrepresentation that defendants had complied with all applicable statutes, rules and regulations, including state anti-kickback statute.

90.   The California State Government, unaware of the falsity of the claims made by the Defendants, approved, paid, or participated in payments to Defendants that would otherwise not have been allowed or paid but for Defendants' conduct.

91.   The California State Government, unaware of the Defendants' conspiracy or the steps taken in furtherance thereof, allowed, paid, or participated in payments to Defendants that would otherwise not have been paid or allowed but for Defendants' conduct.

92.   By virtue of the acts described above, Defendants also knowingly and willfully made, used, or caused to be made or used, false records or statements to conceal, avoid, or decrease an obligation to pay or transmit money or property to the California State Government.  As a result, monies were lost to the California State Government through the non-payment or non-transmittal of money or property owed to the California State Government by Defendants, and the California State Government sustained additional costs.

93.   By reason of Defendants' conduct described above, the California State Government was damaged, and continues to be damaged, in an amount yet to be determined.

/ / /

/ / /

26

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

## **Fourth Claim for Relief**

### **(Against All Defendants)**

**California Anti-Kickback Statute, Wel. & Inst. §14107.2 and Bus & Prof §650**

94.     Relator realleges and incorporates by reference the allegations set forth the paragraphs above as if set forth fully herein.

95.     California's Anti-Kickback statute prohibits the solicitation, receipt, offer, or payment of "any remuneration, including but not restricted to, any kickback, bribe or rebate, directly or indirectly, overtly over covertly, in cash or in valuable consideration of any kind" in connection with the referral of any person for the furnishing or arrangement of any service or merchandise, or the purchase, lease, order, arrangement, or recommendation of any goods, facility, service, or merchandise for which payment may be made by Medi-Cal.  California *Welfare & Institutions Code* §14107.2.

96.     Further, California *Business & Professions Code* §650 prohibits the offer, delivery, receipt or acceptance by any licensed practitioner of any rebate, refund, commission, preference, patronage, patronage dividend, discount, or other consideration as compensation or inducement for referring patients, clients, or customers to any person.

97.     Defendants, and each of them, induced and continue to induce referrals of Medi-Cal patients by offering hospital case managers money, giftcards, funds disguised as consultation fees, and other remuneration in exchange for such referrals.

98.     Further, Defendants, and each of them, received kickbacks in the form of American Express Traveler's Checks among other remuneration in exchange for the referral of residents discharging from the Defendant SNFs to Nightingale Home Health Care.

99.     Defendants accepted referrals of Medi-Cal patients from hospitals that were induced by the provision of illegal remuneration and then have submitted claims for such residents in violation of the statute.

100.   At least one of the purposes of Defendants' payment and receipt of

27

1 | remuneration was to induce future referrals.

2 |     101.  By reason of Defendants' conduct described above, the California State

3 | Government was damaged, and continues to be damaged, in an amount yet to be

4 | determined.

5 | **PRAYER**

6 |     **WHEREFORE**, Relator requests that Judgment be entered against Defendants,

7 | ordering that:

8 |     a.    Defendants cease and desist from violating 31 U.S.C. §3729 *et seq.*, 42

9 | U.S.C. §1320A-7b(b), 31 U.S.C. §3729(a)(3), 18 U.S.C. §1347, 18 U.S.C. §1035,

10 | California *Government Code* §12651 *et seq.,* California *Welfare & Institutions Code*

11 | §14107.2, California *Business & Professions Code* §650;

12 |     b.    Defendants pay an amount equal to three times the amount of damages

13 | the United States has sustained because of Defendants' actions, plus a civil penalty

14 | against each defendant of not less than $5,000, and not more than $11,000 for each

15 | violation of 31 U.S.C. § 3729 *et seq.*;

16 |     c.    Defendants pay an amount equal to three times the amount of damages

17 | the United States has sustained because of Defendants' actions, plus a civil penalty

18 | against each defendant of $50,000 for each violation of 42 U.S.C. §1320A-7b;

19 |     d.    Defendants pay an amount equal to three times the amount of damages

20 | California has sustained because of Defendants' actions, plus a civil penalty of

21 | $10,000 for each violation of Cal. Gov. Code §12650 *et seq.*;

22 |     e.    Defendants pay an amount of up to $50,000 for violation of Cal. Welf.

23 | & Inst. Code §14107.21;

24 |     f.    Defendants pay an amount equal to three times the amount of damages

25 | California has sustained because of Defendants' actions, plus a civil penalty of

26 | $50,000 for each violation of Cal. Bus. & Prof. Code §650;

27 |     g.    Relator be awarded the maximum amount allowed pursuant to the *qui tam*

28 | provisions of the federal and California statutes, of the proceeds of this action or

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 • FACSIMILE (562) 216-5271

28

1  settlement of this action.  Relator requests that her percentage be based upon the total

2  value recovered, including any amounts received from individuals or entities not parties

3  to this action;

4        h.      Relator be awarded all costs of this action, including attorneys' fees and

5  costs; and

6        i.      The United States, California and Relator be granted all such other relief

7  as the Court deems just and proper.

8  **REQUEST FOR TRIAL BY JURY**

9        Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby

10  demands a trial by jury.

11  DATED: March 9, 2011        **THE GARCIA LAW FIRM**

12

13

14  By: _____

15        Stephen M. Garcia

16        Ashley A. Davenport

      Attorneys for Relator and Qui Tam Plaintiff

17        Viki Bell-Manako

18

19

20

21

22

23

24

25

26

27

28

THE GARCIA LAW FIRM
ONE WORLD TRADE CENTER, SUITE 1950
LONG BEACH, CALIFORNIA 90831
TELEPHONE (562) 216-5270 · FACSIMILE (562) 216-5271

29

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 2036 VBF (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [X] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

COPY

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
United States of America, ex rel., Viki Bell-Manako

**DEFENDANTS**
Brius, Brius LLC, Brius, LLC, B-Spring Valley, LLC dba Brighton Place Spring Valley, B-San Diego, LLC dba Brighton Place San Diego, B-East, LLC dba Presidio Health Care Center, Point Loma Rehabilitation Center, LLC dba Point Loma Convalescent Hospital, Shlomo Rechnitz Guy Reggev & Does 1-100

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
The Garcia Law Firm, Stephen M. Garcia (SBN 123338)
One World Trade Center, Suite 1950, Long Beach, California 90831
Telephone: (562) 212-5270

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☑ 1 U.S. Government Plaintiff  ☐ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No  ☑ **MONEY DEMANDED IN COMPLAINT:** $ In excess of ten million dollars

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Federal False Claims Act, 31 USC 3732, Anti-Kickback Statute, 42 USC 1320a-7b(b), Civil Conspiracy, 31 USC 3729, California False Claims Act, Cal. Gov't Code 12650

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/Other | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | ☐ 610 Agriculture | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | ☐ 840 Trademark |
| ☑ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-02036

**FOR OFFICE USE ONLY:** Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑No ☐ Yes
If yes, list case number(s) _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑No ☐ Yes
If yes, list case number(s) _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| | San Diego County |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| Brius Management Co., Los Angeles County; Brius, LLC, Los Angeles County; Shlomo Rechnitz, Los Angeles County | B-Spring Valley, LLC, San Diego County; B-San Diego, LLC, San Diego County; B-East, LLC, San Diego County; Point Loma Rehabilitation Center, LLC, San Diego County; Guy Reggev, San Diego County |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California, or Foreign Country |
|---|---|
| At least Los Angeles County. | At least San Diego County. |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X  SIGNATURE OF ATTORNEY (OR PRO PER):  _____  Date March 9, 2011

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |